# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANTHONY MARTIN** | **CIVIL ACTION** |
| **versus** | **NO. 09-7650** |
| **ROBERT TANNER, WARDEN** | **SECTION: "R" (1)** |

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Anthony Martin, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On January 3, 1996, he pleaded guilty to possession with intent to distribute cocaine in violation of Louisiana law.[1] On May 7, 1998, he was found to be a second offender and was sentenced as such to a term of twenty-five years

---

[1] State Rec., Vol. IV of VI, minute entry dated January 3, 1996; State Rec., Vol. IV of VI, plea waiver form.

imprisonment without benefit of probation, parole, or suspension of sentence.[2] On January 26, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed his conviction, amended his sentence to deny parole eligibility for only the first five years, and affirmed his sentence as amended.[3] He did not seek review of that judgment by the Louisiana Supreme Court.

On an unknown date in 2004, petitioner filed with the state district court an application for post-conviction relief.[4] That application was denied as untimely on May 18, 2005.[5]

Petitioner alleges that, in December of 2005, he attempted to file by mail a second application for post-conviction relief.[6] Because that application was apparently never received by the state district court, petitioner's wife tried to file a copy of the application with the court in April of 2006; however, the clerk refused to accept that filing.[7] Petitioner thereafter filed with the Louisiana Fourth Circuit Court of Appeal an application for a writ of mandamus seeking an order requiring the district court to accept the post-conviction application for filing.[8] That application was

---

[2] State Rec., Vol. IV of VI, transcript of May 7, 1998; State Rec., Vol. IV of VI, minute entry dated May 7, 1998.

[3] State v. Martin, No. 98-KA-3022 (La. App. 4th Cir. Jan. 26, 2000) (unpublished); State Rec., Vol. IV of VI.

[4] State Rec., Vol. II of VI.

[5] State Rec., Vol. II of VI, Judgment dated May 18, 2005.

[6] See State Rec., Vol. V of VI, Application for a Writ of Mandamus, p. 1.

[7] See State Rec., Vol. V of VI, Application for a Writ of Mandamus, p. 2.

[8] State Rec, Vol. V of VI, Application for a Writ of Mandamus.

denied on May 31, 2006.[9]  On April 20, 2007, the Louisiana Supreme Court then denied relief on the basis that the post-conviction application was untimely, stating: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189."[10]

At some unknown point thereafter, petitioner filed with the state district court a "Motion to Set Aside Guilty Plea to Correct an Illegal Sentence."[11]  On October 8, 2008, that application was likewise denied as untimely.[12]  On December 3, 2008, the Louisiana Fourth Circuit Court of Appeal denied his related writ application, holding: "This court finds no error in the judgment of the district court denying relator's 'motion to set aside guilty plea to correct an illegal sentence.' See, *inter alia*, La. C.Cr.P. art. 930.8."[13]  On October 30, 2009, the Louisiana Supreme Court also denied relief, holding: "Denied. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La. 9/5/95), 660 So.2d 1189; State v. Parker, 98-0256 (La. 5/8/98), 711 So.2d 694; cf. La.C.Cr.P. art. 930.4(D)."[14]

---

[9] State v. Martin, No. 2006-K-0531 (La. App. 4th Cir. May 31, 2006) (unpublished); State Rec., Vol. V of VI.

[10] State *ex rel.* Martin v. State, 954 So.2d 155 (La. 2007) (No. 2006-KH-1922); State Rec., Vol. V of VI.  La.C.Cr.P. 930.8 sets forth the limitations period for seeking post-conviction relief.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under article 930.8, even if the lower court addressed the merits or did not consider timeliness.

[11] A copy of that motion is not included in the state court record submitted to this Court.

[12] State Rec., Vol. VI of VI, Judgment dated October 8, 2008.

[13] State v. Martin, No. 2008-K-1372 (La. App. 4th Cir. Dec. 3, 2008) (unpublished); State Rec., Vol. VI of VI.

[14] State *ex rel.* Martin v. State, 21 So.3d 280 (La. 2009) (No. 2009-KH-0200); State Rec., Vol. VI of VI.

On November 23, 2009, petitioner filed the instant federal application for *habeas corpus* relief.[15] The state contends that petitioner's federal application is untimely.[16] The state is correct.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[17]

As noted, on January 26, 2000, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and amended and affirmed his sentence. Therefore, at the latest, the underlying state criminal judgment in this case became final on February 25, 2000, when petitioner's thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the judgment of the Court of Appeal. McGee v. Cain, 104 Fed. App'x 989, 990-91 (5th Cir. 2004); Louisiana Supreme Court Rule X, § 5(a); see also Roberts v. Cockrell, 319 F.3d 690, 694 (5th Cir. 2003). Accordingly, his one-year period for seeking federal *habeas corpus* relief commenced on that date and expired on February 26, 2001,[18] unless that deadline was extended by tolling.

---

[15] Rec. Doc. 1.

[16] Rec. Doc. 5.

[17] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[18] Because February 25, 2001 was a Sunday, the limitations period was extended through the following Monday. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2). However, petitioner had no such state applications pending at any time during the period from February 25, 2000, through February 26, 2001.[19] Therefore, he clearly is not entitled to statutory tolling.

The Court notes that the United States Fifth Circuit Court of Appeals has held that the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably tolled. See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999) (internal quotes and citations omitted). Petitioner bears the burden of proof

---

AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

[19] The Court notes that petitioner filed two post-conviction applications and one post-conviction motion after February 26, 2001. However, such applications and motions filed after the expiration of the federal statute of limitations have no bearing on the timeliness of a *habeas* petitioner's federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Moreover, this Court notes that all three of those post-conviction filings were expressly rejected by the state courts on the grounds that they were untimely. The United States Supreme Court has made clear that when a state filing has been rejected as untimely, it cannot be considered "properly filed" and therefore does not entitle a petitioner to any statutory tolling under 28 U.S.C. § 2244(d)(2). Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). The Supreme Court concisely noted that when the state court denies a state filing as untimely "'that [is] the end of the matter' for purposes of § 2244(d)(2)." Id. at 414 (quoting Carey v. Saffold, 536 U.S. 214, 226 (2002)).

to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling, and this Court knows of no reason that would support equitable tolling of the statute of limitations in this case.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before February 26, 2001, in order to be timely. His federal application was not filed until November 23, 2009,[20] and it is therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Anthony Martin be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from

---

[20] "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court." Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003). Petitioner signed his federal application on November 23, 2009, which is the earliest date he could have presented it to prison officials for mailing.

a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[21]

New Orleans, Louisiana, this twenty-second day of March, 2010.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[21] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.