UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ANTHONY MARTIN                              CIVIL ACTION

VERSUS                                      NO: 09-7650

ROBERT TANNER, WARDEN                       SECTION: R(1)


**ORDER**


    Before the Court is Anthony Martin's petition for federal habeas corpus relief under Title 28, United States Code, Section 2254.[1] The Magistrate Judge, upon referral of this matter by the Court pursuant to 28 U.S.C. § 636, recommended that Martin's petition be dismissed with prejudice as untimely.[2] Martin objects to the Magistrate Judge's Report and Recommendation.[3] Specifically, Martin argues that the Magistrate Report did not address the merits of his habeas petition. Martin then restates the arguments he made in his habeas petition.[4] The Court, having reviewed *de novo* Martin's petition, the record, the applicable law, the Magistrate Judge's Report and Recommendation, and Martin's objections thereto, hereby approves the Magistrate

---

    [1]    (R. Doc. 1.)

    [2]    (R. Doc. 7.)

    [3]    (R. Doc. 8.)

    [4]    *Id.*

Judge's Report and Recommendation and adopts it as its opinion. Martin filed his petition for state post-conviction relief four years after his underlying criminal judgment became final.[5] Because Martin's federal *habeas* petition is thus untimely[6], the Court does not reach the merits of Martin's claim and the Court DISMISSES his petition with prejudice.

The Rules Governing Section 2254 Proceedings were amended in 2009, and Rule 11 now provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."[7] A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial of a constitutional right."[8] In *Miller-El v. Cockrell*, the Supreme Court held that the "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition

---

[5] State Rec., Vol. II of VI; (R. Doc. 7.)

[6] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") requires that a petitioner bring his Section 2254 claims within one year of the date on which his underlying criminal judgment becomes final. 28 U.S.C. § 2244(d)(1)(A).

[7] RULES GOVERNING SECTION 2254 PROCEEDINGS, Rule 11(a).

[8] 28 U.S.C. § 2253(c)(2).

should have been resolved in a different manner or that the issues presented [are] 'adequate to deserve encouragement to proceed further.'"[9]  With respect to claims denied on procedural grounds, the petitioner must make a two-part showing: (1) that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and (2) that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right."[10]

Martin's application does not satisfy these standards. First, jurists of reason could not debate whether the one year time period within which a prisoner may file a habeas petition after his underlying criminal judgment becomes "final" elapsed in this case.  Martin's underlying criminal judgment became final when his time for seeking direct review expired on February 25, 2000.[11]  Martin did not file his federal habeas petition until November 23, 2009.[12]  Moreover, the one year time period had elapsed when Martin filed his petition for post-conviction relief in state court sometime in 2004.[13]  Second, Martin claims that

---

[9]     537 U.S. at 336.

[10]    *Johnson v. Quarterman*, 483 F.3d 278, 284 (5th Cir. 2007) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

[11]    *McGee v. Cain*, 104 Fed. App'x 989, 990-91 (5th Cir. 2004); Louisiana Supreme Court Rule X, § 5(a).

[12]    (R. Doc. 1.)

[13]    State rec., Vol. II of VI.

his sentence violated his plea agreement, but Martin never entered into a plea agreement with the government.[14]

For the foregoing reasons, the Court DENIES Martin's petition for federal habeas corpus relief and DENIES the issuance of a certificate of appealability.

New Orleans, Louisiana, this __5th__ day of May, 2010.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[14] State rec. Vol. IV (1/3/96 Minute Entry).